IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PODIATRY IN MOTION, INC., | ) | |
| JAMES L. ORRINGTON, DDS, P.C. | ) | |
| on behalf of plaintiff and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-cv-2653 |
| | ) | |
| v. | ) | Honorable Judge Lee |
| | ) | Magistrate Judge Cole |
| COVERMYMEDS, LLC, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL ORDER OF APPROVAL

On July 19, 2016, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiffs Podiatry In Motion, Inc. and James L. Orrington II, D.D.S., P.C. ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant CoverMyMeds, LLC ("Defendant"), as memorialized in the Settlement Agreement (the "Settlement Agreement"). The capitalized terms in this Order have the same meaning as assigned to such terms in the Settlement Agreement.

On September 27, 2016, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiffs' Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who during the period February 29, 2012 through and including June 26, 2016, were sent Transactional or Non-Transactional faxes by or on behalf of CoverMyMeds, LLC or any CMM User.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the class; (d) Plaintiffs have fairly and adequately protected the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Podiatry In Motion, Inc. and James L. Orrington II, D.D.S., P.C. are finally approved as representatives of the Settlement Class.

7. Dulijaza (Julie) Clark and Daniel A. Edelman of Edelman, Combs, Latturner and Goodwin, LLC are finally appointed as Class Counsel.

## Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile, and where the facsimile transmission was not successful attempts were made to send the Notice via mail to each Settlement Class Member whose identity could be ascertained through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on its firm website, www.edcombs.com. The Class Notice and Settlement Agreement were also posted on RxAuthFaxSettlement.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

10. No objections were filed by Class Members.

11. A total of 107 entities have validly requested exclusion from the Settlement Class. The entities that are listed in the listing of opt outs filed by Plaintiff in Docket No. 64 are excluded from the Settlement Class.

## Class Compensation

12. In accordance with the terms of the Settlement Agreement, CoverMyMeds, LLC shall provide a total of $9,600,000.00 to create a Settlement Fund, less any costs advanced for notice and administrative expenses pursuant to the Settlement Agreement. Unless this Order does not become a final and non-appealable order, no portion of the Settlement Fund shall revert back to CoverMyMeds, LLC.

## Releases

13. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

14. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $3,033,333.33 as an award of attorney's fees to be paid from the Settlement Fund within 14 days of the Effective Date, and finds this amount of fees is fair and reasonable.

15. The Court grants Class Counsel's request for an incentive award to the class representative and awards $10,000.00 each to Podiatry In Motion, Inc. and James Orrington, II, DDS, P.C. The Court finds that this payment is justified by the Class Representatives' service to the Settlement Class. This payment shall be made from the Settlement Fund within 14 days of the Effective Date.

## Other Provisions

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder. No funds shall be disbursed by Settlement Class Counsel or the

Settlement Class Administrator from the Settlement Fund except as authorized by the Court or as set forth in the Settlement Agreement.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

19. If necessary, the Parties shall propose a *cy pres* recipient for approval by the Court to which payment of unclaimed funds shall be made by Settlement Class Counsel or the Settlement Class Administrator thirty (30) days after expiration of the final void date on the Settlement Class members' checks.

20. Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement by March 29, 2017.

21. Class-Settlement.com shall be the Class Administrator to make claim payments and issue and collect W-9 forms.

22. This action is hereby dismissed with prejudice and without costs.

23. This order is a final order and to the extent any provision of this order regarding activities to occur after this order is entered prevents this order from becoming a final order, such provisions shall be stricken and if such provisions are stricken, the Parities are ordered to perform the activities set forth in the stricken provisions.

ENTER:

Dated: 9/30/16

*/s/ John Z. Lee*

John Z. Lee, United States District Judge